F. S. BROCKETT, for use, etc., plaintiff in error, *vs.* JESSE J. BRADFORD, sheriff, defendant in error.

1. That the name of the plaintiff has been twice changed by amendment in the progress of a suit, is no ground to quash the execution based upon the judgment obtained therein.

2. Two executions were in the hands of the sheriff. He also had the proceeds of the sale of the defendant's property, not enough to satisfy both executions. The owner of the junior *fi. fa.* gave him notice to hold up the amount due on the senior as he intended to contest its validity. Thereupon, the sheriff retained such sum, but paid over to the junior *fi. fa.* the remainder of such fund. Pending the contest upon the validity of the older execution, arising upon a rule against the sheriff, the defendant died, and the ordinary allowed to his family a sum of money for their year's support. His widow, thereupon, petitioned the court to have the balance in the hands of the sheriff paid over on said allowance. The court so ordered, and directed further that the sheriff pay over the amount due on said senior execution within thirty days, and in default thereof, that he be attached for contempt. *Held,* that inasmuch as the claim of the widow was not in the sheriff's hands when he made the appropriation of the proceeds of the defendant's property, by retaining the amount due on the senior *fi. fa.* for the payment thereof, and crediting the balance on the junior *fi. fa.*, such subsequently acquired lien should not have been allowed to interfere with the rights of the parties as they stood at that time.

Rule against sheriff. Lien. Judgments. Appropriation of payments. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

This case was before the supreme court in *45th Georgia Reports* 93; *49th Ibid.*, 551.

For the facts, see the decision.

HENRY L. BENNING, for plaintiff in error.

L. T. DOWNING; PEABODY & BRANNON; WHITTLE & GUSTIN, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff of Muscogee county requiring him to show cause why he should not pay over to

plaintiff in *fi. fa.* the money in his hands arising from the sale of the property of Winter, the defendant therein. The proceeds of the sale of defendant's property, as appears from the record, was $3,500 00. On the day of the sale, the plaintiff, Peters, placed his *fi. fa.* in the sheriff's hands with the notice to retain the money due thereon. The sales of the property were made in April and May 1871. The sheriff retained an amount of money in his hands sufficient to pay the amount of the Peters *fi. fa.*, which was the oldest, but paid the balance in his hands to the Brockett *fi. fa.*, under which the property was sold, and which was credited thereon, amounting to $2,-500 00 leaving a balance due thereon unpaid. Brockett contested the validity of Peters *fi. fa.*, insisting that it was void, on the ground that pending the suit in which the judgment was obtained, that the name of William C. Daniel was inserted as plaintiff therein, in lieu of Peters, by an order of the court, and that by another order of the court, the name of Daniel was erased, and that of Peters reinstated, so that the judgment was rendered in the suit in favor of Peters, as it was originally brought. During this contest between the parties for the money claimed by Peters on his *fi. fa.*, the rule against the sheriff still pending, Winter, the defendant in both *fi. fas.*, died, and his widow obtained an allowance for her year's support out of the estate of her deceased husband, by an order of the ordinary of Bibb county, for the sum of $5,000 00 which was dated 27th June, 1873. The time of the death of Winter does not appear, but it was admitted on the argument that he did not die until long after the granting of the rule *nisi* against the sheriff. A certified copy of the order of the ordinary of Bibb county was placed in the sheriff's hands some time in the year 1873, the exact date does not appear, claiming the money in his hands as a superior lien to either of the contestants therefor. The questions involved in the case were submitted to the judgment of the court without the intervention of a jury. The court allowed the sum of $720 00, the amount claimed by Mrs. Winter, as a superior lien, and ordered the sheriff to pay that amount to her, and also ordered that he should pay the

sum of $988 40 to the Peters *fi. fa.*, within thirty days, and in default thereof, that he be attached for contempt of court, and this judgment of the court was excepted to and error assigned thereon.

1. We find no error in the refusal of the court to quash the Peters *fi. fa.* The court may have had good and sufficient reasons showed to it at the time, for passing the orders changing the names of the parties to the suit in which the judgment in favor of Peters was obtained ; the legal presumption is that it had, and the most that can be claimed is that the proceedings were irregular, but that would not make the judgment void.

2. This is a proceeding against the sheriff for contempt of court, for retaining money in his hands collected by him in violation of his duty as sheriff, and the question is, has he violated his duty, so as to subject him to an attachment for contempt of court? What has he done ?. He sold the property of the defendant for $3,500 00, and after retaining a sufficient amount in his hands to pay off the Peters *fi. fa.*, which he was notified to retain, and which was the oldest *fi. fa.*, he paid the balance of the money in his hands arising from the sale of the defendant's property, to the Brockett *fi. fa.* under which the property was sold, there being no older lien in his hands at the time entitled to claim the money, except the Peters *fi. fa.*, and he retained money enough to pay what was due upon that at the time he was notified to hold it. The sheriff, in contemplation of the law, appropriated the money first to the payment of the Peters *fi. fa.*, which was the oldest lien in his hands, by retaining the money for its payment, and then paid the balance to the Brockett *fi. fa.* We think he performed his duty, in view of the facts, as the same existed at the time he acted upon them. It was not his duty to retain *all* the money in his hands when he was only notified to hold enough to pay the Peters *fi. fa.*, there being no other older lien in his hands entitled to claim the money than the Brocket *fi. fa.* The sheriff appears to have acted in good faith in the matter. Assuming Mrs. Winter's claim to be one of superior dignity, the sheriff had no notice of it at the time he acted in paying

out the money to the Brockett *fi. fa.* and could not have had any, as Winter was not then dead. When the court orders him to pay Mrs. Winter's claim of $720 00 and the Peters *fi. fa.* out of the money in his hands, it orders him to be attached for contempt for paying, at least $720 00 to the Brockett *fi. fa.*, at a time when he could not possibly have had any notice of her lien upon the money. Inasmuch as the lien of Mrs. Winter was not in the sheriff's hands at the time he made the appropriation of the money arising from the sale of Winter's property, to-wit: retaining the amount due on the Peters *fi. fa.* for the payment thereof, and crediting the balance of the money on the Brockett *fi. fa.*, the subsequently acquired lien of Mrs. Winter, should not have been allowed to interfere with the rights of the parties as they stood at *that time.* Peters is entitled to have the amount due on his *fi. fa.* from the sheriff, at the time the notice was given to him to hold the money, and the rule should be made absolute against him for that amount, and the rule discharged against him so far as the payment of Mrs. Winter's claim is concerned, and as to the amount credited on the Brockett *fi. fa.*, and it was error, in view of the facts of this case, to allow the claim of Mrs. Winter, and to subject the sheriff to the payment thereof by granting a rule absolute against him.

Let the judgment of the court below be reversed so far as it allows the claim of Mrs. Winter to be enforced against the sheriff, and the court proceed to render its judgment in the case, in conformity with this opinion.